**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VARIDESK LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | COMPLAINT FOR PATENT |
| LUMI LEGEND CORPORATION, | § | INFRINGEMENT |
| INNOVATIVE OFFICE | § | |
| PRODUCTS LLC, ERGOTECH | § | **JURY TRIAL DEMANDED** |
| GROUP LLC, TRANSFORM | § | |
| PARTNERS LLC d/b/a MOUNT- | § | |
| IT!, and MONOPRICE, INC., | § | |
| | § | |
| Defendants. | § | |

Plaintiff Varidesk LLC ("Varidesk") files this patent infringement complaint against Lumi Legend Corporation ("Lumi Legend"), Innovative Office Products LLC ("Innovative Office Products"), Ergotech Group LLC ("Ergotech Group"), Transform Partners LLC d/b/a Mount-It! ("Transform Partners"), and Monoprice, Inc. ("Monoprice") (collectively "Defendants"), alleging on its own knowledge and on information and belief as follows:

## PARTIES

1.     Varidesk is a Texas limited liability corporation having its headquarters at 1221 South Belt Line Road, #500, Coppell, Texas 75019.  Varidesk is a pioneer and leader in the field of height-adjustable desk technology.

2.     Upon information and belief, Lumi Legend is a company organized and existing under the laws of the People's Republic of China, with its principal place of business and headquarters at 22/F., Building 1, Lisi Plaza, Huifeng East Road, Ningbo, China 315100.

3.     Upon information and belief, Innovative Office Products is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business at 100 Kuebler Road, Easton, Pennsylvania 18040.

4.     Upon information and belief, Ergotech Group is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business at 100 Kuebler Road, Easton, Pennsylvania 18040.

5.     Upon information and belief, Transform Partners (dba Mount-It!) is a limited liability company organized and existing under the laws of the State of California and having its principal place of business at 9520 Black Mountain Rd St D San Diego, CA 92126-4532.

6.     Upon information and belief, Monoprice is a corporation organized and existing under the laws of the State of California and having its principal place of business at 11701 6th Street, Rancho Cucamonga, CA 91730.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq.*

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Defendants are subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

10.    Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b).  Upon information and belief, Defendants have transacted business in this District and have committed acts of patent infringement in this District.

## VARIDESK'S PATENTS

11.    On August 25, 2015, United States Patent No. 9,113,703 ("the '703 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Adjustable Desk Platform."  A copy of the '703 Patent is attached hereto as Exhibit 1.

12.    Varidesk is the owner by assignment of the '703 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '703 Patent against infringers, and to collect damages for all relevant times.

13.    On March 8, 2016, United States Patent No. 9,277, 809 ("the '809 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Adjustable Desk Platform."  A copy of the '809 Patent is attached hereto as Exhibit 2.

14.    Varidesk is the owner by assignment of the '809 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '809 Patent against infringers, and to collect damages for all relevant times.

15.    On January 31, 2017, United States Patent No. 9,554,644 ("the '644 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Adjustable Desk Platform."  A copy of the '644 Patent is attached hereto as Exhibit 3.

16.    Varidesk is the owner by assignment of the '644 Patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '644 Patent against infringers, and to collect damages for all relevant times.

## DEFENDANTS' INFRINGING PRODUCTS

17.    Upon information and belief, Lumi Legend is in the business of developing, manufacturing, and/or selling height-adjustable desk platforms and components thereof.

18.    Upon information and belief, Defendants have made, used, imported, provided, supplied, distributed, sold, and/or offered for sale certain height-adjustable desks, including at least the following height-adjustable desk models:   the MOUNT-IT! SIT-STAND DESK CONVERTER, the ERGOTECH FREEDOM DESK, and the MONOPRICE SIT-STAND HEIGHT ADJUSTABLE DESK (the "Infringing Products").

19.    Upon information and belief, Lumi Legend has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale the Infringing Products.

20.    Upon information and belief, Lumi Legend supplies to Innovative Office Products for sales within the United States certain height-adjustable desk platforms, including the Ergotech Freedom Desk, and components thereof that infringe the Asserted Patents.

21.    Upon information and belief, Lumi Legend supplies to Ergotech Group for sales within the United States certain height-adjustable desk platforms, including the Ergotech Freedom Desk, and components thereof that infringe the Asserted Patents.

22.    Upon information and belief, Lumi Legend supplies to Transform Partners for sales within the United States certain height-adjustable desk platforms, including the Mount-It! Sit-Stand Desk Converter, and components thereof that infringe the Asserted Patents.

23.    Upon information and belief, Lumi Legend supplies to Monoprice, or supplies to others that in turn supply to Monoprice, for sales within the United States certain height-adjustable desk platforms, including the Monoprice Sit-Stand Height Adjustable Desk, and components thereof that infringe the Asserted Patents.

24.    The Infringing Products practice each and every limitation of at least one claim of the '703 Patent.

25.    The Infringing Products practice each and every limitation of at least one claim of the '809 Patent.

26.    The Infringing Products practice each and every limitation of at least one claim of the '644 Patent.

27.    Upon information and belief, Defendants are knowingly and willfully directly infringing the '703 Patent by offering to sell and selling the Infringing Products in the United States, including within this judicial district.

28.    Upon information and belief, Defendants are knowingly and willfully directly infringing the '809 Patent by offering to sell and selling the Infringing Products in the United States, including within this judicial district.

29.    Upon information and belief, Defendants are knowingly and willfully directly infringing the '644 Patent by offering to sell and selling the Infringing Products in the United States, including within this judicial district.

## <u>COUNT I – PATENT INFRINGEMENT OF THE '703 PATENT</u>

30.    Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

31.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendants have, literally and under the doctrine of equivalents, infringed the '703 Patent and still are, literally and under the doctrine of equivalents, infringing the '703 Patent, by, among other things, making, using, offering for sale, and/or selling the Infringing Products and will continue to do so unless

such infringing activities are enjoined by this Court.  Non-limiting examples of such infringement are set forth below and in the claim chart attached as Exhibit 4.

32.    Defendants had knowledge of the '703 Patent at least as of the date they were notified of the filing of this action.

33.    Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

34.    Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

35.    Varidesk meets the criteria for, and is entitled to, a permanent injunction.

36.    Upon information and belief, Defendants' infringement of the '703 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## COUNT II – PATENT INFRINGEMENT OF THE '809 PATENT

37.    Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

38.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendants have, literally and under the doctrine of equivalents, infringed the '809 Patent and still are, literally and under the doctrine of equivalents, infringing the '809 Patent, by, among other things, making, using, offering for sale, and/or selling the Infringing Products and will continue to do so unless such infringing activities are enjoined by this Court.  Non-limiting examples of such infringement are set forth below and in the claim chart attached as Exhibit 5.  Defendants had knowledge of the '809 Patent at least as of the date they were notified of the filing of this action.

39.     Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

40.     Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

41.     Varidesk meets the criteria for, and is entitled to, a permanent injunction.

42.     Upon information and belief, Defendants' infringement of the '809 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## COUNT III – PATENT INFRINGEMENT OF THE '644 PATENT

43.     Varidesk restates and incorporates by reference the paragraphs above as if stated fully herein.

44.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendants have, literally and under the doctrine of equivalents, infringed the '809 Patent and still are, literally and under the doctrine of equivalents, infringing the '809 Patent, by, among other things, making, using, offering for sale, and/or selling the Infringing Products and will continue to do so unless such infringing activities are enjoined by this Court.  Non-limiting examples of such infringement are set forth below and in the claim chart attached as Exhibit 6.

45.     Defendants had knowledge of the '644 Patent at least as of the date they were notified of the filing of this action.

46.     Varidesk has suffered, and continues to suffer, damages and irreparable harm as a result of Defendants' past and ongoing infringement.

47.     Unless Defendants' infringement is enjoined, Varidesk will continue to be damaged and irreparably harmed.

48.     Varidesk meets the criteria for, and is entitled to, a permanent injunction.

49.     Upon information and belief, Defendants' infringement of the '644 Patent has been willful and deliberate, making this an exceptional case and entitling Varidesk to recover enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## JURY DEMAND

Varidesk hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Varidesk requests that the Court find in its favor and against Defendants and that the Court grant Varidesk the following relief:

a.      Judgment be entered that Defendants have infringed one or more claims of the '703, '809, and '644 Patents, literally and/or under the doctrine of equivalents;

b.      Judgment be entered that Defendants' infringement of the '703, '809, and '644 Patents was willful;

c.      An accounting be had for the damages resulting from Defendants' infringement of the '703, '809, and '644 Patents, including, without limitation, lost profits caused by Defendants' infringing activities and/or a reasonable royalty for the infringement, and that the damages so ascertained be trebled pursuant to 35 U.S.C. § 284 and awarded together with interests and costs;

d.      An injunction be issued, restraining and enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in privity or in concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of products infringing the '703, '809, and '644 Patents;

e.     Judgment be entered that this is an exceptional case, and that Varidesk is entitled to its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.     The Court award such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  March 30, 2017                    Respectfully submitted,

By: _____
Michael C. Smith
State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
113 E. Austin Street
Marshall, Texas  75670
(903)938-8900 office
(972)767-4620 fax
michaelsmith@siebman.com

Adam R. Hess
ARHess@venable.com
Andrew F. Pratt
AFPratt@venable.com
Martin L. Saad
MLSaad@venable.com
Calvin R. Nelson
CRNelson@venable.com
Tamatane J. Aga
TJAga@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4389
Facsimile: (202) 344-8300

Alper T. Ertas
ATErtas@venable.com
VENABLE LLP
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: (415) 343-3214
Facsimile: (415) 653-3755

*Counsel for Plaintiff Varidesk LLC*